**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SYSCO CORPORATION, | Case No. 1:23-cv-01451 |
| *Petitioner*, | Judge: Martha M. Pacold |
| v. | Magistrate Judge: Gabriel A. Fuentes |
| GLAZ LLC, POSEN INVESTMENTS LP, and KENOSHA INVESTMENTS LP, | |
| *Respondents.* | |

## RESPONDENTS' REPLY TO MOTION TO STAY

Respondents Glaz LLC, Posen Investments LP, and Kenosha Investments LP ("Respondents") submit this reply in support of their Motion to Stay this Court's consideration of Sysco's "Motion for Reassignment and Consolidation." *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill. Mar. 24, 2023), ECF No. 6487. As set forth in Respondents' motion to stay, and in their opposition to Sysco's motion for reassignment and consolidation filed in *Broilers*, neither this Court nor the *Broilers* Court should entertain Sysco's premature, procedurally improper motion for reassignment and consolidation. Either the motion should be denied outright, or consideration of the motion should be stayed pending the proper filing of a complete set of pleadings in this Court and the resolution of Sysco's transfer motion in the Southern District of New York. *See* ECF No. 27; *Broilers* ECF No. 6504.

Sysco offers no response to Respondents' motion to stay other than to claim it is not properly before this Court. *See* ECF No. 37 ("Opp."). That is incorrect. Sysco's procedural improprieties in filing its motion (and its case) have necessitated motions practice before this Court.

The Local Rules establish a clear process for reassignment and consolidation. First, the moving party requests reassignment and consolidation "after the answer or motions in lieu of answer have been filed in *each* of the proceedings involved." L.R. 40.4(c) (emphasis added). That is because a Court needs a full set of pleadings before it, with the respective positions of "all parties," *id.*, before concluding whether there is adequate legal and factual overlap to support reassignment and consolidation, *see* L.R. 40.4(a), (b) (reassignment); Fed. R. Civ. P. 42(a) (consolidation). Second, with the pleadings set, the movant requests consolidation in the "lowest-numbered case" – *i.e.*, the earlier filed case – and the judges in the lower- and higher-numbered cases consult to reach an appropriate resolution. *See* L.R. 40.4(c), (d).

Sysco ran roughshod over this settled procedure. To begin, on March 20, 2023, it filed an "Amended Petition" to vacate the arbitral tribunal's preliminary injunction award. *See* ECF No. 18. As explained in Respondents' separate motion to dismiss under Rule 15(d), that second petition – though styled as an amendment – is in substance a *supplemental* petition and thus procedurally defective because it was filed without leave of Court. *See* ECF No. 26.[1] Sysco then followed its improper petition by filing a premature motion in the *Broilers* case for reassignment and consolidation on March 24, 2023, *see Broilers*, ECF No. 6487, in violation of the Local Rule 40.4(c), which provides that such motions await the completion of the pleadings, *see Saleh v. Merch.*, 2017 WL 2424229, at *2 (N.D. Ill. June 5, 2017) (filing premature reassignment motion is "reason enough to deny the motion"). As Respondents have explained in

---

[1] As explained in Respondents' motion to dismiss, Sysco's procedurally improper "amended" petition is part of its effort to create the false appearance that its case was the "first-filed" challenge to the arbitral tribunal's preliminary injunction award when, in reality, the amended petition came days after Respondents already had filed a petition to confirm that award in New York Supreme Court, the court at the seat of the arbitration. ECF No. 26, at 1-2, 5-6.

their opposition, that motion should be denied as premature, as well as on the merits. *See Broilers* ECF No. 6504, at 12 & n.10.

In light of Sysco's serial procedural improprieties, it was wholly appropriate for Respondents promptly to move in this Court to stay the motion for reassignment and consolidation. *First*, this is the only case in which Respondents are currently parties; they are neither parties nor interveners in *Broilers*, and so had no option (absent leave of Court) to raise Sysco's procedural missteps and seek relief from Judge Durkin on the *Broilers* docket. Nor was there a date certain by which Respondents could have expected to file an opposition in *Broilers*, as Sysco filed its motion for reassignment and consolidation without conferring about, or even proposing, a joint briefing schedule to the *Broilers* Court, in obvious contravention of Judge Durkin's individual practices.[2] *Second*, Respondents' basis for relief sought in their motion to stay squarely implicates the proceedings in *this Court*, because one of the principal bases for the stay is Respondents' contention – set forth in the motion to dismiss pending in this Court, *see* ECF No. 26 – that Sysco has not even filed a valid petition. *Finally*, as Sysco is well aware, and as the Local Rules anticipate, reassignment and consolidation decisions are made in consultation with all judges presiding over the relevant cases. *See* L.R. 40.4(c). It was thus wholly proper for Respondents to put their arguments squarely before this Court through the motion to stay.

Sysco's request that this Court "vacate any further deadlines on its docket with respect to the Motion to Stay" should be rejected. Opp. 2. Contrary to Sysco's effort to mischaracterize

---

[2] *See generally*, Hon. Thomas M. Durkin, *Case Procedures: Motion Practice Generally*. Indeed, during the morning of March 27, 2023, Judge Durkin's chambers contacted counsel for Sysco to request a briefing schedule. *See* Ex. 1 (Email from Chambers to Sysco's Counsel (Mar. 27, 2023 10:26 AM)). Inexplicably, Sysco waited nearly a full day to inform Respondents of the request from Judge Durkin's chambers – several hours *after* Respondents had filed their motion before this Court and notice of that motion before Judge Durkin. *See* Ex. 2 (Email from P. Swiber to Respondent's Counsel (Mar. 27, 2023 7:27 PM)).

the procedural history, Judge Durkin has not "entered an Order striking the Motion to Stay." *Id.* at 1-2. Respondents filed their motion to stay in *this Court*, and Judge Durkin did not (and would not have purported to) direct this Court not to entertain a motion pending before it. What Respondents filed in *Broilers* was a notice advising Judge Durkin that they had filed their stay motion with this Court (and attaching it for reference). *See Broilers*, ECF No. 6498. Apparently believing that the parties were proposing to brief that motion in the *Broilers* case, as well as in this Court, Judge Durkin declined to "consider" Respondents' notice and attached brief, indicating that *he* did not want to review six briefs regarding reassignment and consolidation. *Broilers*, ECF No. 6501 (addressing the parties' agreement "to brief this motion *before Judge Durkin* in addition to and separately from Sysco's motion to consolidate") (emphasis added). Judge Durkin thus ordered Respondents to raise their arguments in *his* Court in their opposition to Sysco's motion for reassignment and consolidation. *See id.* Respondents complied. *See Broilers*, ECF No. 6504. But Judge Durkin did not strike Respondents' motion to stay *in this Court*, nor did it address *this Court's* consideration of Respondent's pending motion here. *See* ECF No. 6501. Indeed, Sysco agreed that there would be a parallel briefing schedule *in this Court* on Respondents' motion to stay. *See* Ex. 3 (Email from P. Swiber to D. Ho (Mar. 28, 2023)) ("We agree to April 3 for oppositions and April 7 for replies on Sysco's Motion for Reassignment and Consolidation and Burford's Motion to Stay. We will so advise Judge Durkin's chambers, copying you, *and ask that you likewise copy us when you so advise Judge Pacold's chambers*.") (emphasis added).

Ultimately, for the reasons given in Respondents' motion to stay filed in this Court, and in its opposition to Sysco's motion filed in the *Broilers* Court, the Court should not grant Sysco's request for reassignment and consolidation. Sysco's request either should be denied outright, or

consideration of the request should be delayed pending properly filed pleadings in this Court and

a resolution of Sysco's transfer motion in the Southern District of New York.

Dated: April 7, 2023                           Respectfully submitted,

By: */s/ Richard Prendergast*
Richard Prendergast
Michael Layden
CROKE FAIRCHILD DUARTE & BERES
191 N. Wacker Dr., 31st Floor
Chicago, IL 60606
(312) 641-0881 (Telephone)
rprendergast@crokefairchild.com
mlayden@crokefairchild.com

Derek T. Ho (*pro hac vice forthcoming*)
KELLOGG, HANSEN, TODD, FIGEL
   & FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, D.C. 20036
(202) 326-7900 (Telephone)
dho@kellogghansen.com

Elizabeth Snodgrass (*pro hac vice
   forthcoming*)
THREE CROWNS LLP
Washington Harbour
3000 K Street, N.W., Suite 101
Washington, D.C. 20007
(202) 540-9492 (Telephone)
liz.snodgrass@threecrownsllp.com

*Attorneys for Respondents Glaz LLC, Posen
Investments LP, and Kenosha Investments LP*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2023, I caused a true and correct copy of the foregoing document to be filed electronically.  Notice of the filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Dated:  April 7, 2023                          By:  _/s/ Richard Prendergast_
                                                      *Attorney for Respondents*